UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| EVER ALEXANDER SANABRIA AGUILAR, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | |
| ANTONE MONIZ, Superintendent of Plymouth County Correctional Facility; PATRICIA HYDE, Boston Field Office Director, U.S. Immigrations and Customs Enforcement; MICHAEL KROL, HIS New England Special Agent in Charge; TODD LYONS, Acting Director, U.S. Immigrations and Customs Enforcement; KRISTI NOEM, U.S. Secretary of Homeland Security; and PAMELA BONDI, Attorney General of the United States, | * * * * * * * * * * * | Civil Action No. 1:25-cv-13449-IT |
| | * | |
| Respondents. | * | |
| | * | |

MEMORANDUM & ORDER

November 25, 2025

TALWANI, D.J.

Petitioner Ever Alexander Sanabria Aguilar is an Ecuadorian national who lives in Everett, Massachusetts, and has resided in the United States for over twenty years. Pet. ¶¶ 16, 46 [Doc. No. 1]. Petitioner alleges, and Respondents do not contest, that on November 17, 2025, federal immigration officials arrested Petitioner and placed him in the custody of U.S. Immigration and Customs Enforcement ("ICE"). Id. ¶ 16. Petitioner is currently detained at the Plymouth County Correctional Facility in Plymouth, Massachusetts. Id. ¶ 1.

On November 19, 2025, Petitioner filed a Petition for Writ of Habeas Corpus [Doc. No. 1] with this court. Petitioner contends that, because he "previously entered the country and ha[s]

been residing residence in the United States," Petitioner is subject to detention pursuant to "8

U.S.C. § 1226(a)" which requires a prompt, individualized bond hearing. Id. ¶ 55.

Respondents concede that "the legal issues presented in this Petition are similar to those

recently addressed by this Court in Doe v. Moniz, __ F. Supp. 3d __, 2025 WL 2576819 (D.

Mass. Sept. 5, 2025), Elias Escobar v. Hyde, 2025 WL 2823324 (D. Mass. Oct. 3, 2025), Da

Silva v. Hyde No. 25-cv-12638-IT (D. Mass. Oct. 7, 2025); Venancio v. Hyde, No. 25-cv-12616-

IT (D. Mass. Oct. 9, 2025); and Caguana-Caguana v. Moniz; __ F. Supp. 3d __, 2025 WL

3171043 (D. Mass. Nov. 13, 2025)." Resp. 1 [Doc. No. 6] (cleaned up).

Though Respondents note their disagreement with these decisions, Respondents

acknowledge that, "[s]hould the Court follow its reasoning in Doe, [Elias] Escobar, and Da Silva,

Venancio, and Caguana-Caguana, it would likely reach the same result here." Id.

Nothing in the record indicates that Petitioner, who has resided in the United States for

over twenty years, was detained under 8 U.S.C. § 1225 rather than 8 U.S.C. § 1226. Pet. ¶ 46

[Doc. 1]. The court finds the reasoning in Doe remains correct and that Petitioner's detention is

governed by 8 U.S.C. § 1226. The Board of Immigration Appeals' decision in Matter of Yajure

Hurtado, 29 I&N Dec. 216 (BIA 2025), is unpersuasive and does not change the analysis. See

Elias Escobar, 2025 WL 2823324, at *3 (D. Mass. Oct. 20, 2025) (citing cases reaching the same

conclusion).

Accordingly, the Petition for Writ of Habeas Corpus [Doc. No. 1] is GRANTED as

follows. No later than December 2, 2025, Sanabria Aguilar must be provided a bond hearing

pursuant to 8 U.S.C. § 1226 or, if the immigration judge declines to conduct a bond hearing

based on Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), Respondents shall so advise

the court by that date so that this court may conduct the bond hearing. Any decision by the

3

immigration judge to retain Sanabria Aguilar in custody following a bond hearing pursuant to 8

U.S.C. § 1226 shall set forth the reasons for the continued detention.

IT IS SO ORDERED.

November 25, 2025                              /s/ Indira Talwani
                                              United States District Judge